IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONTENT SQUARE SAS and<br>CONTENT SQUARE ISRAEL LIMITED<br>(f/k/a Clicktale Limited),<br><br>     Plaintiffs,<br><br>     v.<br><br>QUANTUM METRIC, INC.,<br><br>     Defendant. | C.A. No. 20-cv-00832-LPS |

**QUANTUM METRIC INC.'S OPENING BRIEF IN SUPPORT OF ITS
<u>MOTION TO STAY PENDING *INTER PARTES* REVIEW</u>**

Benjamin C. Elacqua
Fish & Richardson P.C.
1221 McKinney Street, Suite 2800
Houston, TX 77010
Telephone: (713) 654-5300
elacqua@fr.com

Aamir A. Kazi
Charles N. Reese, Jr.
Fish & Richardson P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
kazi@fr.com

Katherine D. Prescott
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 64063
Telephone: (650) 839-5070
prescott@fr.com

FISH & RICHARDSON P.C.
Susan E. Morrison (#4690)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-5070
Facsimile: (302) 652-0607
morrison@fr.com

***Attorneys for Defendant***
***Quantum Metric, Inc.***

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................1

II. NATURE AND STAGE OF PROCEEDINGS ......................................................2

III. SUMMARY OF ARGUMENT ...............................................................................3

IV. STATEMENT OF FACTS ......................................................................................4

V. ARGUMENT............................................................................................................4

    A. A Stay Pending the *Inter Partes* Reviews Will Simplify the Issues..................................................................................................................4

    B. A Stay Will Not Unduly Prejudice Plaintiffs............................................7

    C. The Stage of This Case Favors a Stay .......................................................8

VI. CONCLUSION........................................................................................................9

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Aylus Networks, Inc. v. Apple Inc.*,
 856 F.3d 1353 (Fed. Cir. 2017) ................................................................................................5

*Aylus Networks, Inc. v. Apple Inc.*,
 No. 13-cv-04700-EMC, 2016 WL 270387 (N.D. Cal. Jan. 21, 2016) ......................................2

*Bio-Rad Labs. Inc. v. 10X Genomics, Inc.*,
 No. CV 18-1679-RGA, 2020 WL 2849989 (D. Del. June 2, 2020) .....................................4, 8

*British Telecommunications PLC v. IAC/InterActiveCorp*,
 No. CV 18-366-WCB, 2020 WL 5517283 (D. Del. Sept. 11, 2020) ........................................8

*Capriola Corp. v. LaRose Indus., LLC*,
 No. 8:12-cv-2346-T-23TBM, 2013 WL 1868344 (M.D. Fla., Mar. 11, 2013) .........................6

*Chestnut Hill Sound Inc. v. Apple Inc.*,
 No. 15-261-RGA, D.I. 46 (D. Del. Dec. 3, 2015) .....................................................................5

*CVI/Beta Ventures, Inc. v. Tura LP*,
 112 F.3d 1146 (Fed. Cir. 1997) ................................................................................................5

*Dorman Products, Inc. v. PACCAR Inc.*,
 2014 WL 2725964 (E.D. Pa. June 16, 2014) ............................................................................6

*Ethicon, Inc. v. Quigg*,
 849 F.2d 1422 (Fed. Cir. 1988) ................................................................................................3

*Evolutionary Intelligence, LLC v. Twitter, Inc.*,
 Case No. 5-13-cv-04207, 2014 WL 12601515 (N.D. Cal. Feb. 25, 2014) ...............................6

*Finjan, Inc. v. Symantec Corp.*,
 139 F. Supp. 3d 1032 (N.D. Cal. 2015) ....................................................................................6

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
 721 F.3d 1330 (Fed. Cir. 2013) ................................................................................................4

*Gould v. Control Laser Corp.*,
 705 F. 2d 1340 (Fed. Cir. 1983) ...............................................................................................4

*Internet Patents Corp. v. eBags, Inc.*,
 No. C 12-03385, 2013 WL 4609533 (N.D. Cal. Aug. 28, 2013) ..............................................7

*Marine Polymer Techs., Inc. v. HemCon, Inc.*,
   672 F.3d 1350 (Fed. Cir. 2012) (*en banc*) ................................................................1

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
   No. CV 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013).......................7, 8

*Nichia Corp. v. Vizio, Inc.*,
   SA CV 18-00362 AG (KESx), 2018 WL 2448098 (C.D. Cal. May 21, 2018) .........6

*Princeton Digital Image Corp. v. Konami Digital Entm't*,
   No. 13-335-LPS-CJB, 2014 WL 3819458 (D. Del. Jan. 15, 2014) ...........................8

*Qualcomm Inc. v. Apple Inc.*,
   No. 3:17-cv-2403-CAB, 2018 WL 4104966 (S.D. Cal. Aug. 29, 2018) ...............5, 6

*Rovi Guides, Inc., v. Comcast Corp.*,
   Civ. No. 16-CV-9278, 2017 WL 4876305 (S.D.N.Y October 27, 2017)..................7

*Semiconductor Energy Lab. Co., Ltd. v. Chimei Innolux Corp.*,
   SACV 12-21-JST JPRX, 2012 WL 7170593 (C.D. Cal. Dec. 19, 2012) ..................4

*SenoRx, Inc. v. Hologic, Inc.*,
   No. CIV.A. 12-173-LPS, 2013 WL 144255 (D. Del. Jan. 11, 2013) ........................9

*Star Envirotech, Inc. v. Redline Detection, LLC*,
   No. 12-01861 JGB, 2013 WL 1716068 (C.D. Cal. 2013) .........................................7

*SurfCast, Inc. v. Microsoft Corp.*,
   No. 2:12-cv-333, 2014 WL 6388489 (D. Me. Nov. 14, 2014) ..................................7

*Think Products, Inc. v. ACCO Brands Corp.*,
   Civ. No. 2:14-cv-06659-KAM-SIL, D.I. 31 (E.D.N.Y. June 19, 2015) ....................6

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
   759 F.3d 1307 (Fed. Cir. 2014).................................................................................7

*Wi-LAN, Inc. v. LG Electronics, Inc.*,
   No. 3:17-cv-358-BEN, 2018 WL 2392161 (S.D. Cal. May 22, 2018) .....................5

**Statutes**

35 U.S.C. § 314(b) .....................................................................................................3, 7

35 U.S.C. §§ 316(a)(11) and 326(a)(11)....................................................................1, 3

**I.      INTRODUCTION**

All claims of each of the five Asserted Patents[1] in this case are the subject of *inter partes* review petitions filed with the Patent Trial and Appeal Board of the U.S. Patent and Trademark Office. If the IPR petitions are instituted, then the USPTO will hold a trial to adjudicate the validity of the Asserted Patents. It is a highly likely that the USPTO will review the validity of the patents asserted in this case by Plaintiffs. In 2019, sixty-three percent of IPR petitions that the PTAB considered on the merits resulted in an instituted trial. Once an IPR is instituted, the USPTO will reach a final determination regarding validity within one year. *See* 35 U.S.C. §§ 316(a)(11) and 326(a)(11).

There are significant benefits—regardless of the result—of staying this case pending the results of Quantum Metric's IPRs. First, if all the asserted claims are invalidated, each of the above-captioned cases likely will be dismissed. Second, if some of the asserted claims are invalidated, this litigation would be narrowed accordingly. Third, if any of the asserted claims are amended, this case will proceed based on the amended claims, rather than the claims as presently worded. Fourth, even if none of the asserted claims are invalidated or amended, a stay will avoid the need for duplicative proceedings.

Quantum Metric has diligently prepared and filed its IPRs before the Court set a case schedule. Thus, no case events have occurred yet, no discovery has been exchanged, and no claim construction has occurred. Any arguments made by Plaintiffs during the IPRs characterizing claim terms and prior art will impact the scope of the Asserted Patents, and must be taken into account into when interpreting claim scope and during the claim construction. *Marine Polymer Techs.,*

---

[1] U.S. Patent Nos. 10,063,645 (the '645 Patent), 10,079,737 (the '737 Patent), 7,941,525 (the '525 Patent), 9,508,081 (the '081 Patent), and 9,792,365 (the '365 Patent) are collectively referred to as the "Asserted Patents."

*Inc. v. HemCon, Inc.*, 672 F.3d 1350, 1365 (Fed. Cir. 2012) (*en banc*) ("To be sure, patent applicants' actions and arguments during prosecution, including prosecution in a reexamination proceeding, can affect the proper interpretation and effective scope of their claims."); *Aylus Networks, Inc. v. Apple Inc.*, No. 13-cv-04700-EMC, 2016 WL 270387 at *5 (N.D. Cal. Jan. 21, 2016) (finding that a patentee's statements in its preliminary response to IPR petitions "are akin to a prosecution disclaimer" and granting summary judgment of non-infringement based on those statements). Thus, without a stay, subsequent case events such as claim construction would be rendered superfluous by positions Plaintiffs take during *inter partes* review.

The decision to stay this case falls within the sound discretion of the trial court. Here, the Court may exercise this discretion to (1) implement the stay immediately; (2) implement the stay once the USPTO has instituted the IPRs; or (3) deny the stay entirely. The USPTO will issue its initial ruling on whether to institute the IPRs within the next six months (possibly sooner if Plaintiffs choose not to file a patent owner's statement). Given the substantive effect that the IPRs will have on the Asserted Patents, this litigation will be in a fundamentally different place following the conclusion of the USPTO proceedings. Thus, the interests of efficiency favor staying this case now.

## II. NATURE AND STAGE OF PROCEEDINGS

Plaintiffs Content Square SAS ("ContentSquare") and Content Square Israel Limited (aka Clicktale) ("Clicktale") (collectively, "Plaintiffs") filed suit against Defendant Quantum Metric, Inc. ("Quantum Metric") on June 22, 2020 alleging infringement of the Asserted Patents. (*See* D.I. 1.) On September 10, 2020, Quantum Metric filed a motion to dismiss the case. (*See* D.I. 11.) A hearing regarding Quantum Metric's motion is set for March 12, 2021. (*See* D.I. 21.)

Quantum Metric has diligently prepared and filed IPRs on all five Asserted Patents in this case, as follows:

| Patent Number | Filing Date | IPR Case Number |
|---|---|---|
| 10,063,645 | December 29, 2020 | IPR 2021-00364 |
| 9,508,081 | December 31, 2020 | IPR 2021-00363 |
| 7,941,525 | January 29, 2021 | IPR 2021-00464 |
| 10,079,737 | February 5, 2021 | IPR 2021-00416 |
| 9,792,365 | February 12, 2021 | IPR 2021-00530 |

The petitions challenge all claims in each of the Asserted Patents. The petitions are now pending before the PTAB, which must decide whether to institute a review of each Asserted Patent within six months of the filing date. *See* 35 U.S.C. § 314(b). If instituted, the PTAB generally completes its review within one year after institution. *See* 35 U.S.C. §§ 316(a)(11) and 326(a)(11).

### III.   SUMMARY OF ARGUMENT

1.   "Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (internal citations omitted). Thus, it is within the court's discretion whether to grant a stay.

2.   All factors that Court's typically analyze when determining whether to grant a stay support staying this matter pending PTAB's review of the Asserted Patents, and there is no prejudice to Plaintiffs. Staying this case pending the outcome of the IPRs will simplify the pretrial and trial issues. It will either (1) result in cancellation of (all or some) of the asserted claims, eliminating or reducing the number of claims asserted in this case, and/or (2) eliminate certain of Quantum Metric's invalidity challenges to the asserted patents in this litigation. The case is still in its earliest stages, as Quantum Metric's motion to dismiss is pending, Quantum Metric has not answered or asserted counterclaims, the parties have not yet conducted a Rule 26(f) conference and the Court has not scheduled a Case Management Conference. Thus, a stay at this stage will maximize efficiency and promote judicial economy. Finally, a stay will not unduly prejudice Plaintiffs as there is no basis for an injunction in this case, Plaintiffs have not moved for a

preliminary injunction, and therefore, to the extent there is liability, damages would be the only possible remedy.

## IV.   STATEMENT OF FACTS

Quantum Metric has filed five IPR petitions detailing how the claims of the Asserted Patents are invalid in view of prior art and seek cancellation of those claims, including all claims asserted in this litigation. *See* IPR 2021-00364, IPR 2021-00363, IPR 2021-00464, IPR 2021-00416, IPR 2021-00530.

## V.   ARGUMENT

### A.   A Stay Pending the *Inter Partes* Reviews Will Simplify the Issues

The Federal Circuit has explained that "[o]ne purpose of the reexamination procedure is to eliminate trial of [an] issue (when the claim is cancelled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *Gould v. Control Laser Corp.,* 705 F. 2d 1340, 1342 (Fed. Cir. 1983). Here, if the PTAB finds that the Asserted Patents are invalid, this case will be rendered moot. *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("when a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot").

Even should the USPTO conclude that one or more of the asserted claims is not invalid, Quantum Metric will be estopped from re-arguing invalidity to the jury based on grounds raised in its IPR petitions. *See Bio-Rad Labs. Inc. v. 10X Genomics, Inc.,* No. CV 18-1679-RGA, 2020 WL 2849989, at *1 (D. Del. June 2, 2020) ("invalidity defenses that would otherwise be tried are no longer available due to the statutory estoppel."). Thus, the IPRs here are "guaranteed to finally resolve at least some issues of validity." *Semiconductor Energy Lab. Co., Ltd. v. Chimei Innolux Corp.,* SACV 12-21-JST JPRX, 2012 WL 7170593, at *2 (C.D. Cal. Dec. 19, 2012) (brackets and

internal quotations omitted). Similarly, Plaintiffs will be bound to the positions they take before the USPTO regarding the scope of the claims. *See CVI/Beta Ventures, Inc. v. Tura LP*, 112 F.3d 1146, 1158 (Fed. Cir. 1997) ("[T]hrough statements made during prosecution or reexamination an applicant for a patent or a patent owner, as the case may be, may commit to a particular meaning for a patent term, which meaning is then binding in litigation."); *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1364 (Fed. Cir. 2017) (holding that "statements made by a patent owner during an IPR proceeding, whether before or after an institution decision, can be relied upon to support a finding of prosecution disclaimer"). Thus, regardless of the outcome, the scope of the case will be narrowed by Quantum Metric's IPRs.

Quantum Metric acknowledges that this Court typically waits to enter a stay order until after any IPR petitions are instituted. However, the complexity of the technology at issue in this case and the extraordinarily early stage of the case—the Court has not yet set a schedule–justifies staying the case at this juncture, even before the USPTO has instituted review. In general, the USPTO institutes review of approximately 66% of petitions concerning computer based technology, and Quantum Metric believes the likelihood of institution is even higher with patents-in-suit. *See* Morrison Decl., Ex. 1 (August 2020 PTAB Statistics) at 6. And when instituted, IPR petitions that reach final written decision resulted in the cancellation of at least some claims in 80% of cases and cancellation of all instituted claims in 62% of cases. *Id.* at 11. For these reasons, many courts have stayed litigation upon the ***filing*** of an IPR petition.[2]

---

[2] *See e.g., Chestnut Hill Sound Inc. v. Apple Inc.*, No. 15-261-RGA, D.I. 46 (D. Del. Dec. 3, 2015) (granting motion to stay prior to institution decision); *Qualcomm*, 2018 WL 4104966 at *2-3 (granting stay pre-institution where infringement and invalidity contentions had been exchanged, discovery responses had been provided, and claim construction had been briefed, but the claim construction hearing had not occurred, and there was "significant fact and expert discovery and dispositive motion practice still ahead."); *Wi-LAN, Inc. v. LG Electronics, Inc.*, No. 3:17-cv-358-

5

But even if the PTO declines to institute, it will do so in a written decision within the next six months. In that time, the parties and the PTAB will likely address claim construction and/or provide other helpful commentary on the relationship between the claimed invention and the prior art. This information will be relevant to case events such as infringement contentions, invalidity contentions, and claim construction, and courts have granted stays in order to gain the benefit of such useful information in the litigation. *See e.g., Qualcomm Inc. v. Apple Inc.*, No. 3:17-cv-2403-CAB, 2018 WL 4104966 at *2 (S.D. Cal. Aug. 29, 2018) ("Qualcomm's submissions to the PTAB in response to Apple's IPR petitions may inform the construction of disputed claim terms."); *Evolutionary Intelligence, LLC v. Twitter, Inc.*, Case No. 5-13-cv-04207, 2014 WL 12601515, at *3 (N.D. Cal. Feb. 25, 2014) ("Development of the [IPR] record may also clarify claim construction positions for the parties, raise estoppel issues, and encourage settlement."); *Dorman Products, Inc. v. PACCAR Inc.*, 2014 WL 2725964, at *3 (E.D. Pa. June 16, 2014) (stating that regardless of the outcome, the "Court will likely benefit . . . from the PTO's analysis of prior art that is later presented to the Court.").

---

BEN, 2018 WL 2392161 at *2 (S.D. Cal. May 22, 2018) (granting stay pre-institution even though claim construction had been fully briefed and petitions were filed at end of one-year statutory period); *Nichia Corp. v. Vizio, Inc.*, SA CV 18-00362 AG (KESx), 2018 WL 2448098, at *2-3 (C.D. Cal. May 21, 2018) (granting stay pre-institution where Vizio filed IPR petitions on all the asserted claims, and although the potential for simplification was speculative at the time, the Court determined the stay would be relatively short and the action could continue with minimal delay if institution was denied); *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) (granting stay even though institution decisions were not due for "several months," claim construction briefing was completed, a claim construction hearing had been held, and the parties were potentially direct competitors); *Think Products, Inc. v. ACCO Brands Corp.*, Civ. No. 2:14-cv-06659-KAM-SIL, D.I. 31, at 6 (E.D.N.Y. June 19, 2015) (granting motion to stay pending PTO's decision whether to institute IPR petition); *Capriola Corp. v. LaRose Indus., LLC*, No. 8:12-cv-2346-T-23TBM, 2013 WL 1868344, at *3 (M.D. Fla., Mar. 11, 2013) (granting motion to stay pending PTO's decision whether to review "because the PTO apparently will not consume much time unless [it] perceives an important patent issue within [its] particular expertise; and because an important issue that appears in the litigation also appears to fall within the PTO's province and particular expertise.").

Accordingly, this factor favors staying the case.

B.   **A Stay Will Not Unduly Prejudice Plaintiffs**

Although the stay may delay the resolution of this action, delay alone does not support a finding of undue prejudice. *Neste Oil OYJ v. Dynamic Fuels, LLC*, No. CV 12-1744-GMS, 2013 WL 3353984, at *2 (D. Del. July 2, 2013); *Rovi Guides, Inc., v. Comcast Corp.*, Civ. No. 16-CV-9278, 2017 WL 4876305, at *4 (S.D.N.Y October 27, 2017) ("Mere delay does not establish undue prejudice."); *see also SurfCast, Inc. v. Microsoft Corp.*, No. 2:12-cv-333, 2014 WL 6388489, at *3 (D. Me. Nov. 14, 2014) ("mere delay does not rise to the level of undue prejudice"); *Internet Patents Corp. v. eBags, Inc.*, No. C 12-03385, 2013 WL 4609533, at *4 (N.D. Cal. Aug. 28, 2013) ("courts have refused to find undue prejudice based solely on delay caused by the reexamination process"). If the USPTO declines to institute Quantum Metric's petitions, "the stay will be relatively short." *Star Envirotech, Inc. v. Redline Detection, LLC,* No. 12-01861 JGB, 2013 WL 1716068, at *2 (C.D. Cal. 2013). The PTAB *must* decide whether to institute a review within six months of the filing of each petition (*see* 35 U.S.C. §314(b)), at which point either the PTAB will institute IPR (63% in 2019) such that one or more claims are likely to be found unpatentable (80% overall), or the PTAB will decline to institute IPR and the stay may be lifted. *See* Ex. 1 at 11. While Plaintiffs might argue any delay results in prejudice, courts have found that "[t]he mere potential for delay, however, is insufficient to establish undue prejudice."

Moreover, Plaintiffs did not seek a preliminary injunction after filing suit, which reflects that they are not suffering any irreparable harm. Thus, damages, if any, to Plaintiffs can be satisfied by financial means. And courts have repeatedly held that delay in collecting monetary damages or enforcing patent rights does not amount to undue prejudice or tactical disadvantage. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) ("A stay will

7

not diminish the monetary damages to which [the patentee] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages[.]")

Finally, Plaintiffs cannot show any dilatory tactics by Quantum Metric that would justify denial of a stay. Quantum Metric filed its petition well within the one-year statutory deadline and filed this motion only seven (7) days after filing its final petition—all before the Court has set a case schedule. The District of Delaware has previously held no undue prejudice even in competitor litigation in a more advanced procedural posture. *See Bio-Rad*, 2020 WL 2849989, at *2. Because Plaintiffs will not be prejudiced or tactically disadvantaged by any delay caused by the PTAB addressing the invalidity of the Asserted Patents, this factor favors staying the case.

### C. The Stage of This Case Favors a Stay

Quantum Metric could not have realistically filed its IPR petitions any sooner. This case is still in its earliest stages. As discussed above, Quantum Metric has not yet answered or filed any counterclaims. There has been no Rule 16 conference before the Court, and there is no schedule. Plaintiffs have not even identified the claims they believe to infringed, nor have they provided infringement contentions or any discovery. Thus, staying the case at this juncture advances judicial efficiency and reduces the need for the Court and parties to use valuable resources addressing claims the PTAB may (and is statistically likely to) declare invalid.

In situations like this, courts have found there is a "liberal policy in favor of issuing stays pending post-grant proceedings." *British Telecommunications PLC v. IAC/InterActiveCorp*, No. CV 18-366-WCB, 2020 WL 5517283, at *4 (D. Del. Sept. 11, 2020) (collecting cases). "Staying a case in its early stages can be said to advance judicial efficiency and maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims." *Neste Oil,*, 2013 WL 3353984, at *5 (internal citations omitted); *see also Princeton Digital Image Corp. v. Konami Digital Entm't*, No. 13-335-LPS-CJB, 2014 WL 3819458, at *3 (D. Del. Jan. 15, 2014)

8

("advance judicial efficiency and maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims."). The District of Delaware has held that the stage of litigation "squarely favors a stay" where the case is "not in its infancy," litigation is "six months old," discovery is underway, and "it is clear that the parties have expended more than a *de minimis* amount of effort on the litigation thus far." *SenoRx, Inc. v. Hologic, Inc.*, No. CIV.A. 12-173-LPS, 2013 WL 144255, at *6 (D. Del. Jan. 11, 2013).

Accordingly, this factor also favors entry of the requested stay.

## VI.   CONCLUSION

Because the factors courts consider in determining stay motions all individually and collectively favor a stay, Quantum Metric respectfully requests that the Court grant its motion and stay this case pending final, non-appealable resolution of the *inter partes* review of the Asserted Patents.

Dated: February 19, 2021                              FISH & RICHARDSON P.C.

*/s/ Susan E. Morrison*
Susan E. Morrison (#4690)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-5070
Facsimile: (302) 652-0607
morrison@fr.com

Benjamin C. Elacqua
Fish & Richardson P.C.
1221 McKinney Street, Suite 2800
Houston, TX 77010
Telephone: (713) 654-5300
elacqua@fr.com

Aamir A. Kazi
Charles N. Reese, Jr.
Fish & Richardson P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
kazi@fr.com

Katherine D. Prescott
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 64063
Telephone: (650) 839-5070
prescott@fr.com

***Attorneys for Defendant***
***Quantum Metric, Inc.***